## Case No. 14,244.

TURNBULL et al. v. WEIR PLOW CO.

[6 Biss. 225; 1 Bal. & A. 544; 7 O. G. 173; 7 Chi. Leg. News, 41.] [1]

Circuit Court, N. D. Illinois.    Oct., 1874.

PATENTS—RECORD OF ASSIGNMENTS—SECOND ASSIGNMENT—CONFLICTING RIGHTS—CONSTRUCTION.

1. The object of the 11th section of the act of congress of 1836 [5 Stat. 121], requiring assignments of interests in patents to be recorded within three months, being for the protection of bona fide purchasers without notice of previous assignments, a conveyance by a patentee of a right under the patent is valid, as between the parties, without being recorded.

2. Where a patentee conveys all his right, title, and interest in the patent in a particular territory, and has previously parted with some interest under the patent in a portion of the same territory, the second assignment will be held to operate only upon the residuary interest of the patentee, after having made the previous assignment, even though the first assignment be not recorded until after the second.

[Applied in Regan Vapor-Engine Co. v. Pacific Gas-Engine Co., 47 Fed. 514.]

3. Where the patentee has any remaining interest in the patent upon which a second assignment can be said fairly to operate, and the second assignment purports to convey only his existing interest, it will not be construed as showing an intention on the part of the assignor to convey what he had previously conveyed.

4. Complainants, in a bill to enjoin the infringement of a patent and for an account, claim title under assignments from the patentee, executed in 1860, of the right under the patent for the counties of Warren and Henderson in Illinois. Defendant claims under an assignment from the patentee, executed in 1870, of all his right, title and interest in the patent in certain territory, including Illinois, which assignment was first recorded. Held, that the first assignment is operative, though not recorded until after the second, and that a plea to the bill setting up the second assignment in bar of complainant's right of action should be overruled.

[Distinguished in Regan Vapor-Engine Co. v. Pacific Gas-Engine Co., 1 C. C. A. 169, 49 Fed. 71.]

5. The provisions of the 36th section of the act of congress of 1870 [16 Stat. 203], with regard to the recording of assignments of patents, are substantially identical with those of the 11th section of the act of 1836, as construed by the courts.

This was a bill for an injunction to restrain the infringement of a patent for an improvement in cultivators, and for an account. Defendant filed a plea to a portion of the bill, and an answer to the residue. The plea was set down for hearing. The contents of the bill and of the plea are sufficiently stated in the opinion.

William Marshall, James L. High, and R. Mason, for complainants.

1. The true construction of the 11th section of the act of 1836, requiring assignments of patents to be recorded within three

[1] [Reported by Josiah H. Bissell, Esq., and by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

months, is that the statute is not mandatory, but merely directory and for the protection of innocent purchasers without notice. Pitts v. Whitman [Case No. 11,196]; Brooks v. Byam [Id. 1,948]; Continental Windmill Co. v Empire Windmill Co. [Id. 3,142]. If, therefore, the assignment to the subsequent purchaser purports to convey only a limited or special interest in the patent, as the assignment to Weir in this case, being in the nature of a quit-claim, it is itself notice to the assignee of all previous grants, against which he cannot protect himself by a prior record of his assignment. In other words. the patentee by his second grant conveys only the residuum of title, or residuary interest remaining in him after his prior grant, and the first assignment, though not recorded, will prevail as against the second. Ashcroft v. Walworth [Id. 580]. The assignee of a patent can claim no more title than his assignor could lawfully grant, and takes subject to the legal consequences of the patentee's previous acts. Pierson v. Eagle Screw Co [Id. 11,156]; McClurg v. Kingsland, 1 How. [42 U. S.] 202.

2. The same principle is to be applied here which governs in conveyances of real estate. The doctrine is well established, that a subsequent conveyance of real estate which does not purport to pass the entire fee, being limited in terms to such interest as grantor then has, operates only on his residuary title, after having given the former conveyance, even though the first conveyance be not recorded until after the second. Brown v. Jackson, 3 Wheat. [16 U. S.] 449; Hope v. Stone, 10 Minn. 141 [Gil. 114]; Marshall v. Roberts, 18 Minn. 405 [Gil. 365]; McNear v. McComber, 18 Iowa. 12; McConnel v. Reed. 4 Scam. 117; Butterfield v. Smith, 11 Ill. 485; Hamilton v. Doolittle, 37 Ill. 473. A purchaser of real estate by quit-claim is not a bona fide purchaser without notice. May v. LeClaire, 11 Wall. [78 U. S.] 217.

3. The act of 1870 can have no application, since complainant's rights were acquired long before its passage. That act, not being retrospective in its terms, cannot affect conveyances of patents made before its passage.

West & Bond, for defendants.

1. The assignments made in 1860, under which the complainants claim, were not recorded within three months as required by section 11. act of 1836, and hence are void as against Weir and his assigns, he being a subsequent bona fide purchaser and having duly recorded his assignment. The courts have held that under said section the assignment "must be recorded within the three months to defeat the right of a subsequent purchaser, without notice and for a valuable consideration. In order to guard against an outstanding title of over three months duration, the purchaser need only look to the records of the patent office." Gibson v. Cook [Case No. 5,393]; Brooks v. Byam [Id. 1,948]; Pitts v. Whitman [Id. 11,196].

2. The common law distinctions made between warrantee and quit-claim deeds of real estate ought not to be applied to the construction of assignments of patents; because they have not been made under the common law, but under acts of congress. See Act 1836, § 11; Act 1870, § 36. The act of 1836 provided that patents "shall be assignable by any instrument in writing." That of 1870 says, "by an instrument in writing." These acts make no distinction between different kinds of assignments, and do away with every formality. They must be in writing, and that is the only condition imposed.

3. The words "grant and convey," found in Weir's assignment, are not the usual words used in quit-claim deeds; they import more than mere words of quit-claim.

[4. Under registry acts, quitclaim deeds have been held effectual to convey lands, as against a prior unrecorded deed.

[5. Contemporary exposition and long-established usage under the statute should be considered. Assignments the same in form as that to Weir have been in general use for more than twenty years. See forms furnished by the patent office, under the authority of congress, as early as 1852. in use from that time to the present.

[6. The effect of holding that assignments. like this one to Weir only operate as a quitclaim to convey the actual residuary interest of the assignor should be considered. Interests of great magnitude will be in jeopardy, and a door will be opened for great frauds.] [2]

7. Under the acts of congress. the decisions cited and the general practice, this assignment to Weir ought to be held to convey, not simply the actual residuary interest of the patentee without regard to the records. but all the right, title, and interest which he had as shown by the records.

8. The act of July, 1870, section 36, expressly provides that assignments of patents shall be void as against a subsequent purchaser without notice, unless recorded within three months from the date thereof. This act applies to all assignments, whether executed before or after its passage. Weir's assignment was given and recorded after the passage of this act, and several months before complainant's assignments were recorded.

DRUMMOND, Circuit Judge. The question in this case arises upon the plea of the defendant, from which, and from the bill of complaint, the following facts appear: A patent was issued to one McQuiston on the 18th of October, 1859, for an improvement

---

[2] [From 7 O. G. 173.]

in cultivators [No. 25,843], and re-issued on the 16th of May, 1871 [No. 4,383]. Both parties claim under this patent. The defendant claims under a conveyance from William S. Weir, who purchased from the patentee on the 18th of November, 1870, and the assignment of purchase was recorded on the 5th of December, 1870. The terms of this assignment were that the patentee granted and conveyed to William S. Weir, through whom the defendant claims, "all my right, title, and interest in and to the said letters patent in the following described territory" (within which we may concede, for the purposes of the case, was included the state of Illinois), "* * * as fully and entirely as the same would have been held and enjoyed by me if this assignment had not been made."

On the 17th and 26th of April, 1860, the patentee assigned to the parties through whom the plaintiffs claim, the exclusive right to make and to sell all machines and rights under the patent, in the territory comprising the counties of Warren and Henderson, in Illinois. These assignments were not recorded in the patent office at the time that Weir's assignment was recorded, and the question presented by defendant's plea is as to the effect of the assignment to Weir, recorded in December, 1870, as against the assignments through which plaintiffs claim, and which were not then recorded.

I think there can be no question but that, under the 11th section of the act of congress of 1836, as between the parties, the assignment by the patentee of the right under the patent would be valid without recording. In other words, the recording did not give it effect as between them. The only object of the law, I think, in requiring the assignment to be recorded, was to protect bona fide purchasers without notice of prior assignment of a right under the patent. It is contended, on the part of the defendant, that as it has been the practice for many years for rights under a patent to be conveyed by an assignment, the language of which is, "all the right, title, and interest" of the patentee in the patent, it substantially amounts to a warranty on the part of the patentee that he conveys by such language all the right which he ever had under the patent, and therefore, that when this language was used in the assignment to Weir in October, 1859, it meant all the interest which the patent originally conveyed to the patentee within the territory named. Of course the controversy turns upon what is the true construction of this assignment. Without deciding what might be the effect of an assignment of all the right, title, and interest of the patentee in a particular county, where there was no residuary interest left in the patentee. I am of the opinion, notwithstanding this alleged uniform practice as to assignments, that the true construction of such an assignment is, that where there is a residuary interest left in the assignor under the patent.

within the territory mentioned, it must be construed as only conveying that residuary interest. I mean, of course, where he has previously parted with some interest under the patent in a portion of the territory. For example, in this case, so far as we know from the history of the case and what is before us in the pleadings, the patentee had conveyed all his interest in the patent in Henderson and Warren counties in 1860, but he had left and had a right to convey all his remaining interest in the state of Illinois. And when he stated that he conveyed all the interest which he had under the patent in the state of Illinois, and that the assignment was to vest in the assignee all his right under the patent in the state of Illinois as fully and entirely as the same would have been held and enjoyed by him if the assignment had not been made, we must construe it as not indicating on his part an intention to convey what he had previously conveyed to other parties, viz.: his rights under the patent in the counties of Warren and Henderson. Otherwise we must infer that he was perpetrating a fraud on the assignee by the assignment of 1870.

The question is, what is the legal effect of the language used, or what did he mean? We have nothing to guide us except the language of the contract. Did he intend, and is it necessarily the legal construction of that contract from the language used, that he intended to convey, in November, 1870, what he had previously conveyed in April, 1860? If, as I have already intimated, there was nothing on which the conveyance of 1870 could operate, then a different question would arise. But the whole state of Illinois, except the counties of Henderson and Warren, was left, upon which the conveyance could take effect. And I think that, looking simply to the contract, notwithstanding the practice which is said to have grown up under the law as to the form of these assignments, we must hold that where there was anything upon which the assignment could be said fairly to operate, we cannot construe it as showing an intention on the part of the assignor to convey what he had previously conveyed. In other words, we will not infer from language such as this, and in the absence of any proof upon the subject, that the patentee intended a fraud upon his assignee.

This is the general rule as applicable to conveyances of real estate. The question always is, did the person intend to convey,— and is that the true meaning of the language used in the instrument,—the same property and the same right that he had previously conveyed to other parties? If he did, and if that is the necessary construction of the language, then it may be fairly said that the recording law should operate upon it, as well in the case of the conveyance of lands, as the assignment of rights under a patent. But I think the result of the authorities as

to the conveyance of real estate is, that where there has been a conveyance of property which is unrecorded, and there is a conveyance afterwards of the property which is recorded, and there is anything upon which the second conveyance can operate, where it purports to transfer simply his right and title, it does not cut off the prior unrecorded deed. Perhaps the authorities go further and hold, in the case of real estate—at least such seems to be the intimation of the supreme court of the United States—that a mere quit-claim of the right and title of the grantor will not, per se, operate as against a prior unrecorded deed, which purports to convey the property.

The act of 1836 declared that a patent should be assignable, either as to the whole interest or any undivided part thereof, by any instrument in writing; and that the assignment should be recorded in the patent office within three months from the execution thereof. Now the language of the 11th section of the act of 1836, as construed by the courts, is not essentially different from the language of the 36th section of the act of 1870. The courts have construed the assignment, where it was not recorded, to be void as against parties who held by the subsequent assignment purporting to transfer, when recorded and taken in good faith, and without notice of the prior assignment or conveyance. The language of the 36th section of the act of 1870 is, that "said assignment, grant, or conveyance shall be void as against any subsequent purchaser or mortgagee for a valuable consideration without notice, unless it is recorded in the patent office within three months from the date thereof." I do not understand that this language is substantially different from that of the 11th section of the act of 1836, as construed by the courts, so that I hold that we cannot construe the language of the assignment made in November, 1870, to Weir, under whom the defendant claims, as intending to convey the right and title under the patent within the counties of Warren and Henderson, which the patentee in 1860 had conveyed to another party, through whom the plaintiffs claim. The result therefore, is, that the assignment in 1860 is operative. The plea of defendant is therefore overruled.

[For another case involving this patent, see Turnbull v. Weir Plow Co., 14 Fed. 108.]