### TURNBULL and others v. WEIR PLOW Co. and others.

*(Circuit Court, N. D. Illinois. March, 1880.)*

1. PATENTS FOR INVENTIONS—CONVEYANCE OF RIGHT.
    A conveyance of "all my right, title, and interest in and to" a patent, though properly recorded, does not include the right for two counties covered by a prior conveyance, although the prior conveyance was not recorded in the patent-office.
2. CONVEYANCE OF PATENT—WHAT INCLUDES.
    A conveyance of the right to make and sell a patent includes the right to the use of the thing patented.

In Equity.

*James L. High,* for complainants.

*West & Bond,* for defendants.

DRUMMOND, C. J. I think the plaintiffs in this case were entitled to a decree. Some of the questions involved are of importance, and have been reargued in this case.

The bill charges an infringement by the defendants of two claims in the patent, issued originally October 18, 1859, and reissued in 1871, for some improvements in a plow or cultivator. One of the principal, and the most important questions in the case arises under

the law of congress upon the subject of patents. The patent was issued originally to Thomas McQuiston, and the plaintiffs claim, through him, the right in two counties, Warren and Henderson, in this state, to use the improvement patented. The conveyance by McQuiston, through which the plaintiffs claim, was not recorded in the patent-office at the time the conveyance, through which the defendants claim, was made by McQuiston and recorded. In other words, the conveyance through which the defendants claim from the patentee was first recorded in the patent-office before that through which the plaintiffs claim was recorded.

I stated, at the time I decided this question before, (*Turnbull* v. *Weir Plow Co.* 6 Biss. 225,) that it was one of great difficulty, and about which I had some doubt, because the decision seemed to be contrary to the practice adopted in the patent-office as to the construction which was there placed upon assignments of patents. After the patentee had made an assignment of the right to these two counties in Illinois, he made an assignment through which the defendants claim, which assignment, it is insisted, according to the general scope of the language, would include the two counties which had been previously assigned by the patentee, and under which the plaintiffs claim. The language of the assignment to the defendants is as follows: "Do hereby grant and convey to the said William S. Weir all my right, title, and interest in and to said letters patent in the following-described territory." The construction which the court formerly placed upon that assignment was that it did not necessarily include the right which had been previously conveyed by the patentee in the counties of Warren and Henderson, but only included all the right which the assignor then had. The language of the statute authorizing assignments in writing to be made of rights secured by letters patent, is somewhat different from that contained in this assignment, and also in the form which was given by Mr. Fisher at the time he was commissioner of patents. The language in the statute in substance is this: all the right which was secured to the patentee by letters patent. Rev. St. § 4898. The language used in the form prescribed by Mr. Fisher is substantially like that used in the assignment through which the defendants claim: "all the right, title, and interest in and to said letters patent." It is quite clear to my mind that Mr. Fisher, at the time he prescribed this form, was not thinking of the case where a patentee had disposed of a portion of his interest in the letters patent,—as, for example, in such a case as this, where he had assigned the right in a particular terri-

tory, reserving his right to other portions of the territory covered by the patent,—and therefore I cannot hold that the form prescribed by Mr. Fisher has the same efficacy as that prescribed by the statute itself. Where a man assigns all the right which was conveyed to him by letters patent, the meaning is that the assignment takes with it everything that the letters patent conveyed. It is certainly different from an assignment which declares merely that he assigns all the interest which he, at the time he makes the assignment, has in the letters patent, provided, as in this case, he had previously assigned a part of the interest which he had to another person. So that, admitting that the question is one of difficulty and doubt, I must still adhere to the view which I originally took of this case, and hold that it was not the intention of the assignment which was made to Weir, and through which the defendants claim, to convey to him the interest, which had been previously conveyed by the patentee, in the counties of Warren and Henderson, in this state.

Another objection made to the right of the plaintiffs to recover is that the conveyance to them did not include the right to use as well as to make and sell the improvement patented within those counties. I think that the assignment to make and sell includes necessarily the right to use the thing patented, because without the right to use, the right to make and sell would be a barren right. It must be construed as having been the intention of the parties that the right to manufacture and sell, included the right in the vendee to use the thing sold.

There is nothing in the case to estop the plaintiffs from setting up a claim under this patent in consequence of any supposed laches that they may have committed; and I think it must be considered that the defendants, under all the circumstances in the case, have infringed upon the right of the plaintiffs. I have not the models of the machines here, without which a statement of the particular points constituting the claim of infringement by the defendants would be unintelligible. It is sufficient to say that I have heretofore fully considered those questions, and have reconsidered them on the argument which has been made, and have reached the conclusion which I then formed, although, perhaps, I did not particularly state it at the time.

It may be said the case is not one of very great importance in some respects; that is, it includes only two counties in this state; but, as I have said, some of the questions involved are quite important, and particularly as to the construction, under the patent law, of the assignments in this case.